2 U.S. 93
 2 Dall. 93
 1 L.Ed. 303
 Andrew's Lessee
v.
Fleming*
 Supreme Court of Pennsylvania
 May Session, 1786
 
 1
 Ejectment. In the course of the trial of this cause, the following points were ruled.
 
 
 2
 1. The plaintiff offered to give evidence of a conversation between Thomas Fleming, the husband of the defendant, under whom she held possession, and Callander, under whom the plaintiff claimed; in which Fleming, declared, 'that he had title to the land in question, taken in execution as his, by the sheriff; and prayed Callander to permit him to continue sometime longer in possession.'
 
 
 3
 It was objected, that the admission of the evidence would be setting up a person's own declarations, to give him a title to the land.
 
 
 4
 But, by the Court: Ejectments are possessory actions; and in England it is necessary to shew a possession within twenty years. The plaintiff may, therefore, shew the possession of Mr. Callander, or of any other person under whom he claims, within that term; and, in order to do so, he certainly is at liberty to give proof, that the person, under whom the defendant claims, was, in fact, nothing more than Mr. Callander's Tenant on sufferance. Let the evidence be admitted.
 
 
 5
 2. It was objected, on the part of the defendant, that the Fi. Fa. by virtue of which the lands in question had been sold, only directed the sheriff to levy of the goods and chattels, &c. which is not an authority to take the lands in execution.
 
 
 6
 By the Court: Lands are to be considered as chattels in Pennsylvania, for the payment of debts. In some counties of this State, and throughout the State of Delaware, the writs of Fi. Fa. always issue in that form. It is said, that the precedents mention 'Lands and Tenements'; but this has not been proved, as it ought to be, by producing in Court such precedents before, at the time, and subsequent, to the issuing of the writ. At most, however, it is but an omission, in point of form; which is too slender a foundation for oversetting a sheriff's sale of lands.
 
 
 7
 Wilson, for the Plaintiff. Yeates and Smith, for the defendant.
 
 
 
 *
 Ruled at Lancaster Nisi Prius.