Overton J
delivered the following opinion of the Court.
The deceased had given a bond conditioned to convey two thirds of a tract of land for six hundred and forty acres. Arnold’s part of this obligation had been settled, and Young brought suit at law for his one third part. Judgment was recovered ; the object of the bill was an injunction and relief. An agreement between the plaintiff and defendant Young, for the settlement of this bond, had taken place, and the bill charges that relying on this agreement, by which the suit was to cease, he did not attend the trial, not expecting one, nor did the plaintiff have his witnesses present, in consequence of which the judgment was surreptitiously obtained for a much greater sum than ought to have been &c.
Relief was opposed on the ground that a proper investigation had taken place at law, and if the plaintiff did not obtain relief there, it was his own neglect, and therefore ought not to be aided in this court.
The court has no doubt, that the case litigated at law was properly triable there, but that the plaintiff has satisfactorily shown the court, grounds, from which it may fairly be inferred that a fair trial was not bad.
As much has been said respecting the jurisdiction of a court of equity, a classification of the matter of the cases on the subject, as found in the books may throw light on the subject.
First. In relation to matters originally equitable in their nature, which have been litigated in a court of law, and a re investigation sought in his court ; and herein of the distinction be ween the case of a plaintiff and defendant in the court of law, having recourse to this court.
Secondly. Of matters purely legal. which have been examined at law.
The general principle of a court of equity is, that it will take cognizance of a case equitable in its nature originally, though the same matter may have been before a court of law; but this principle is modified in its application. There are two modes of transferring an equitable subject to a legal forum ; by statute, and by assumption of jurisdiction by courts of common law ; both, however, result in the same thing, Where there are no negative words in the statute, excluding *267 equity jurisdiction. In either case an investigation in a court of law where the case is plain and unembarrassed in its nature, and the court of law, agreeably to its mode of proceeding competent to afford adequate relief, a court of equity will not interpose unless some obstacle to the attainment of justice occurred, such as will presently be mentioned, in the remarks on the second position relative to cases purely legal.
The two cases, for instance, of partial payments, and penal bonds, furnished matter originally for the jurisdiction of a court of equity. In both these cases, remedy has been provided at law by statute, but without negative words as to the jurisdiction of a court of equity ; and it has been decided by this court, that they are so plain and unembarassed in their nature that a court of law is completely adquate to the purposes of justice, (a) From the simplicity of their nature these two cases are incorporated into that class of cases called purely legal.
A court of equity, possessing extraordinary and controlling powers, in a higher degree than courts of common law, must of necessity judge of the extent of its own jurisdiction, of cases originally equitable, or complicated and embarrassed in their nature, so that it were probable courts of law could not afford adequate redress. At present ; other cases originally equitable, but the two that have been mentioned, are recollected, as Having been determined to belong to the class of cases denominated purely legal.
It must be remembered too, that the general principle is further modified by the relative situation of the par ties litigant in a court of law. It a person having a cause of action originally equitable, in which remedy has been afforded in a court of law, either of statute, or the assumption of jurisdiction, and brings his suit at law, his an investigation according to legal forms, he cannot, if disappointed of his remedy, recur as a matter of cause, to a court of equity ; may, it would seem that but few cases can occur in which equity would afford relief ; generally nothing less than fraud or an abuse of the forms and modes, of justice, could furnish, under such circumstances, a ground for relief. The reason is, that the individual had his election of the forum, in which he would bring his suit and by that election he should be bound, after going through and subjecting his adversary to the expense of a lengthy investigation in a court of law.
*268 A different view is presented when a defendant at law, has a defence originally equitable in its nature, and courts of law either by statute or assumption of jurisdiction, take cognizance of such defence. Then, if the defence being an equitable one prove unavailable at law, no matter for what cause, the party is entitled to relief in equity of course, or without laying any other ground than that he honestly endeavored to defend himself at law, and that, that defence proved unavailable.
This reasoning includes, as well that class of cases where the remedy at law is difficult and embarassed, of which courts of equity take cognizance, as the other, in which there originally was, a clear equitable remedy. Of the first, matters of account furnish an instance : A court of law always had cognizance of account, but being of a complicated nature, and consequently calculated to produce embarrassment with a jury, a court of equity would of coure afford relief to a defendant, whose defence of this nature, had, after due exertions, proved ineffectual at law.
Investigations respecting land titles, or inheritances stand on a different and a distinct foot, from the principles already mentioned. It is the duty of a court of equity to see that the law is uniformly administered, as to land titles, regardless who was plaintiff or defendant at law ; or whether the matter of defence at law were equitable or not, the complainant showing in a case purely legal, that he had used due diligence to get justice at law, but had failed without any fault on his part. Independently of this general principle, if the complainant had a defence at law originally of an equitable nature, he may come of course into equity—-as before remarked.
It is peculiarly the province of those courts where facts as to boundary, possession, &c. are clearly ascertained, to see that the law, is kept uniform and administered alike to all men, in relation to land titles, which is matter of law for the court to judge of. (b) As these observations are applicable in all their force to land titles, of course caveats are not embraced, Being more peculiarly within the province of a jury, many principles, which would apply after grants, would not obtain upon the trial of a caveat. The second proposition relates to the transfer of questions purely legal to a court of equity.
This class sometimes embraces cases of difficulty and embarrassment with juries, which will be taken into consideration by a court of equity.
*269 But the reasoning applicable to this branch of equity powers makes no distinction between plaintiffs and defendants at law, in general. In order to enable a court of equity to take cognizance of such cases, it must appear that the party complaining had done all that a diligent and prudent man could reasonably be expected to do at law, and that he was disappointed in his legal redress, by the intervention of some obstacle, or accident, over which he possessed no control, by which means he is without remedy at law.
In fine, the great and beneficial quality of a court of equity, is to preserve unimpaired the principles of law, by keeping the law and fact distinct in all the material concerns of men. respecting their contracts either express on implied.
In the case before the court it evidently appears, that there is a sufficient ground of jurisdiction. The trial at law was not a fair one. An issue must be referred to a jury to ascertain the value of one third of the six hundred and forty acre tract, contemplated in the agreement, at the time the conveyance should have been made, and interest upon that value to the time of rendering judgment, in the court of law; supposing the one third part, to be of equal value, with either of the other third parts ; the tract being divided into three parts and taking into view the water.
An issue was accordingly directed to be tried in the county of Williamson ; and upon return of the verdict the court will proceed to make a final decree.

 Reaves and another vs. Hogan and another Ten Rep. 513 & Williams & another vs. Patterson, Rogersville May 1814.

 2 Vez. 554, Hardin 461, 1 Cr. 100 421 423 2 Dall. 93, 2 Burr 076 Astod vs. Miller Hard. 193 Mary. Rep. 22. Dall. app.XI.