JACKSON, *ex dem.* WATSON, *against* CRIS.

THIS was an action of ejectment, brought to recover part of lot no. 85. in the *Cayuga* reservation, and was tried at the *Cayuga* circuit, in *May*, 1814, before Mr. Justice *Platt.*

The plaintiff gave in evidence a deed from *Gideon Allen*, jun. to *John Richardson*, for the whole lot, subject to a mortgage given by *Allen* to the people of the state of *New-York*, for the payment of 1,475 dollars and 62 cents, in the year 1805, with interest, and dated *December* 20th, 1796. Exemplifications of a judgment recovered by *Watson* against *John Richardson*, which was docketed *March* 29th, 1797, and of a *test. fi. fa.* issued thereon, and a sheriff's deed to *Watson* of the premises, dated *April* 14th, 1801, were produced; and it was proved that the defendant was in possession when the declaration was served on him; and confessed, at the time of service, that he held under and derived title from *Gideon Allen*, jun.

The defendant produced a deed, with covenants of warranty, dated *June* 5th, 1806, from *William Richardson* and wife, to him, for the premises, subject to a mortgage by *Allen*, before mentioned; and then proved, that *William Richardson* went into possession in 1795, and held as owner, until 1806, when the defendant took possession; and that *Richardson* was the first who had taken possession after the land was abandoned by the *Indians.*

The defendant offered to prove, that before the *Cayuga* reservation was purchased of the state, in 1796, *John Richardson* told his mother, that he had conveyed the premises in question to his father, *William Richardson;* which evidence being overruled, the defendant offered to prove the loss of the deed, by proving that he could not find it on search; that he called on *William Richardson*, who, on search, said that he could not find it, and had given it to the defendant, with the other evidences of title; and that *William Richardson* was old, and could not conveniently be produced; and that, before *Watson's* judgment against *J. Richardson*, and before the contract on which that judgment was founded, a *parol* exchange had been made between *J.* and *W. Richardson*, possession taken

In ejectment, where the defendant derived his title from A., who derived from B., it was held, that he could not give in evidence the declarations of A. and B. as to the loss of the deed from B. to A.; nor could he prove a *parol* exchange between A. and B.

A satisfied mortgage, tho' paid off by the defendant, is not a bar in ejectment.

NEW YORK, accordingly, and the premises recognised by *J. Richardson* to
October, 1814. be the property of *W. Richardson.* All this evidence was also
JACKSON     overruled.
v.
CRIS.          The defendant then offered to give in evidence *Allen's*
mortgage to the state, by which, in case of failure of pay-
ment, he agreed to be absolutely barred of all equity of re-
demption, after the expiration of one year from the time of
failure; and offered to prove, that the mortgage had been for-
feited for non-payment of interest before the sheriff's sale to
the plaintiff's lessor: but it appearing, by the records of the
county of *Cayuga*, which were produced, that the mortgage
had been paid by the defendant, and had been duly cancelled,
the judge overruled this evidence; and, by his direction, the
jury found a verdict for the plaintiff.

The case was submitted to the court, without argument.

YATES, J. delivered the opinion of the court. The evi-
dence was properly overruled. There can be no question,
that the confessions and declarations of *John Richardson*, and
the *parol* exchange between him and *William Richardson*,
could not be received as evidence of title. There was no
evidence of the *existence* of a deed; and the declarations of
the defendant and *William Richardson*, of ineffectual searches
for it, could not avail in support of the defendant's claim.
What the effect of an outstanding and forfeited mortgage, with
an agreement on the part of the mortgagor stated in it, like the
one offered in evidence would be, cannot now come in ques-
tion. The claim under the mortgage was extinguished. It
had been paid off, and cancelled; and its operation was
thereby effectually destroyed. That the payment was made
by the defendant does not vary the law on the subject.

Judgment for the plaintiff.