J. TlLGHMAN C.
In this case there are three points for . . decision.
Whether a certificate, under seal of the secretary of the land office, “ that he had carefully searched for a certain . J ^ . warrant, and the same could not be found, ’ is legal evidence* By ’•be act of 9th April, 1781, copies of deeds, entries, and papers of the land office, duly attested by the secretary, re- . , ceiver general, or surveyor general, or their deputies, under ^beir hands, and seals of office, shall be as good evidence as the originals. There certainly is a material difference,between *be officers certifying a copy, and certifying that the original *s not t0 be ^oun^- ^ the point were open, I should think, that much might be said against the evidence. But it is settled. There has been a long practice in favour of the evidence, the admission of it is attended with convenience, and, therefore, it must not now be questioned.
2. The second point is, whether the declarations of the person under whom the plaintiff derived his title, made during the time when he owned the land claimed by the plaintiff, that his warrant and survey did not cover the land in dispute, are evidence.
There can be no doubt but such declarations are evidence. Nothing is stronger than the confessions of the party interested against himself^ and the privity between that party and the plaintiff renders his confessions evidence against the plaintiff; But the confessions of the same person, made after *175 bis interest had ceased, would not have been evidence. This is the settled distinction.
3. Are recitals in a patent, evidence against a person claiming under the Commonwealth by title, prior to the patent i This point was fully considered in the case of Penrose v. Griffith, 4 Binn. 231, and it was decided, that such recitals are not evidence.
I am of opinion, that the judgment should be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.