The opinion of the court was delivered by
Gibson, C. J.
None of the errors merit particular consideration but two; the others relating to official documents found in their *359 place, or to evidence incontestibly competent. My remarks, therefore, shall be confined to these two.
To show that notice of the sale under which the'plaintiff claims had been given, the counsel produced the Crawford Messenger, duly authenticated, and containing the advertisement which the law requires. He then produced three daily newspapers, published in Philadelphia, and containing the same • advertisement, which were found in the prothonotary’s office; but without an affidavit by any of the printers, that the advertisement had been published in the usual number of his papers. These were offered to the jury, and admitted en masse. Following this, supplementary proof was made by the affidavit of a clerk of one of the printers, which was sworn to before a notary, and which, as well for that reason, as for not having been filed along with the paper to which the clerk referred, was incontestibly incompetent. But were this otherwise, the principal question would still remain, because as to two of the newspapers, there was no auxiliary evidence whatever, except what may be supposed to arise from their having been found in the proper office. The question, therefore, is whether a newspaper not authenticated by the affidavit of the person who has printed it, is competent evidence.
By the 3d section of the act of the 3d of April, 1804, it is provided that, “ It shall be the duty of the said county commissioners, to file in the prothonotary’s office, one at least of each of the newspapers in which they have published their general notice; which newspaper so filed, together with the affidavit of at least one of the printers that the aforesaid notice was published in the usual number of his papers,” shall be taken for sufficient evidence of notice. Do these words “ one of the printers, ” relate to one of all the printers who shall have published the notice; or to one of the printers of each newspaper, where any of the newspapers shall have been published by printers in partnership? The latter is my construction.
Of what was the legislature speaking, when it used the words in question? Not of the newspapers collectively, but of each of them respectively. The natural and obvious mode of construction, is to refer the words to the subject matter of the clause, each of the newspapapers” in which the notice shall have been published. This construction is further recommended by its avoiding the imputation of want of reason and good sense, with which a contrary one would charge the legislature. In directing notice to be given in four newspapers, it cannot be supposed the legislature was indifferent to its publication in more than one; if so, we must believe the intention was to require proof of publication in more than one; and that proof of the fact should reasonably and naturally follow from the evidence. But how proof of publication in a newspaper in Crawford county, should be taken for proof of publication in three newspapers in Philadelphia, is what I cannot under *360 stand. The legislature surely did not intend that the affidavit of any one but the printer' of the particular paper, should be proof of publication.
It is supposed, that as documents filed in the proper office, and produced by the proper officer, these newspapers are competent evidence at the common law. But it is only by force of the act of assembly that they can pretend to the character of documents; so that the question comes round to the point from which it started: are they such documents as the act requires? At the common law, a newspaper does not prove itself, evidence being always required that the copy produced is what it purports to be; not a particular thing fabricated, perhaps for a sinister purpose, but an individual copy among many published collectively. It is certain, the legislature thought that evidence, in addition to the supposed intrinsic evidence of the newspapers themselves, not only proper, but indispensable; and it was to provide for this, that the affidavit of the printer was declared to, be sufficient.
The other exception is, that although the land was assessed in the name of Nathan Luffborough, it was sold in the name of Nathaniel. At the common law, such a variance would be material; but in the 6th section of the act of 1804, it is declared, that sales of unseated land “ shall be valid and effectual, although the land may not have been taxed and sold in the name of the owner thereof.” Here it was taxed in the name of the owner, but sold in the name of another: and I cannot perceive that the case is worse for the purchaser, than if it had been both taxed and sold in the name of a stranger. I am of opinion, that the judgment be reversed only on the preceding point.