## Cooper *against* Brockway.

A tract of unseated land, the title to which is held in trust for minor children, being subject to a sale for taxes by the treasurer, does not come within the saving clause of the act in favour of minors. If not redeemed within two years, the title becomes absolute in the purchaser.

ERROR to the common pleas of *Clearfield* county.
Ralph V. M. Cooper and others against John S. Brockway.

The case agreed upon in this cause, is embodied in the opinion of the Court, which was delivered by

. HUSTON, J.—This was an ejectment for a tract of land granted

by warrant, in thè name of Wilhelm Willinck, No. 5026, bounded &c. &c. ; after appearance and plea, a case was stated as follows:

The above tract of land was sold at treasurer's sale on the 14th of June 1830, and conveyed by treasurer's deed to John S. Brockway, the defendant.

Ralph V. M. Cooper was a minor at the time of the sale, so was Sarah Ann Cooper and William M. Cooper, and neither of them of age at the end of two years from the time of the sale, but they claim the property as follows: Benjamin B. Cooper, their father, owned the land, and on the 26th of February 1819, conveyed it to Adam McQuines, who on the 26th of February 1819, re-conveyed it to Benjamin B. Cooper in trust, for the wife and children of said Benjamin B. Cooper. Benjamin B. Cooper, the father and trustee, was alive at the time the land was sold, as above, for taxes, and continued in full life until after the two years had expired, and until February 1835, nearly five years after the sale. The question submitted for the opinion of the court is, whether the fourth section of the act of 1815, allowing orphans two years after such disability is removed, to bring an action for the recovery of the lands, applicable to the case abovementioned, the legal estate being vested in their father and trustee, and he in full life at the time of the sale, and for more than four years after.

The court decided that the legal estate being in Benjamin B. Cooper, he was bound to pay the taxes. The deed in trust for his children, does not bring it within the exception in the act.

The deed creating the trust was considered as part of the case, and was in substance as follows:

The deed states that Benjamin B. Cooper and wife, by deed bearing even date, herewith conveyed the tract in question, and other tracts specified, to Adam McQuines in trust to re-convey the same to Benjamin B. Cooper and wife in trust; in consideration of which and of 101 dollars and 25 cents, he conveyed to Benjamin B. Cooper and Sarah his wife, in trust for the said Benjamin B. Cooper and Sarah his wife, or the said Benjamin B. Cooper, if he becomes the survivor of the said Sarah, or his heirs or executors, if they deem it best, to sell and convey the said lands, and purchase other lands, and apply the rents for the maintenance of the children, and convey to them when of age; in case of their death in trust for Mrs. Sarah Cooper, if she survives them, and on her death in trust to Cooper's heirs.

Without stopping to inquire to what extent these deeds changed the interest of Benjamin B. Cooper, which might depend on facts not known to us, we proceed to the case of a trustee with full powers to sell, holding in trust for persons under age, in cases arising under this act.

The act of the 13th of March 1815, after prescribing the mode of proceeding in sales, by the treasurer, of unseated lands for taxes, provides in the 4th section, that if the owner shall within two years

[Cooper v. Brockway.]

from the sale, pay or tender to the treasurer the full amount of taxes and costs paid by him, and twenty-five per cent. over; or if the owners shall have paid the taxes before the sale he may recover the lands: but in no other case, and on no other plea shall an action be sustained.

Provided, that where the owner shall, at the time of such sale, be an orphan, or insane, and residing within the United States, two years after such disability is removed shall be allowed him or his heirs to bring an action for the recovery of the lands so sold.

By the previous law (see section 3, of the act of 3d of April 1804) the words of the exception are " minor or minors," and five years after arriving at twenty-one are given. The act of 1815 limited the time to two years, and substituted the word "orphan" for minor. Where the legislature in changing the provisions of a law, change the description of persons to be affected by it, or the time or any other provision of the law, a respect for them would induce a court to believe they knew of, and intended to make the change expressed by the words. Lands and other property must be assessed, and the taxes assessed must be collected, or the business of townships and counties cannot go on. Poor taxes, and road taxes, and county taxes, must be collected or the functions of the townships and counties cannot proceed. Taxes in this state, are generally on property, and the property is to be applied to the payment of them. If the owner of an improved farm dies, leaving minor children, the personal property on the farm is levied on, and sold if the taxes are not paid, without regard to the age of the owners. A landlord may be bound by his agreement to pay the taxes. ·If he neglects to do so, the goods of the tenant are liable to distress and sale, and he must resort to his landlord; and this is not changed though the landlord dies leaving minors his heirs. Nor is it altered though the tenant dies leaving infants in possession under his lease. The only exception in favour of orphans, is in the act first cited, and it would not be easy to find a reason why it should be extended beyond what the legislature have expressed.

If putting an estate in the hands of trustees will exempt it from payment of taxes, or rather would give the right of redemption to the orphan until two years after arriving at twenty-one, how is it to be applied? There may be eight or ten children who may attain twenty-one in successive years; must each redeem his part in two years after coming of age? or is it not necessary that any redeem or bring suit until two years after the youngest is twenty-one years of age?

Many very large estates are owned by several persons as tenants in common, and the title is vested in a single person as trustee, for the purpose of facilitating sales and executing deeds. One or more of these tenants in common dies, leaving infant children; will this invalidate the sale of the whole, and give to all the right to recover,

[Cooper v. Brockway.]

until two years after the youngest child comes of age? Perhaps, before that time, another tenant in common may die, leaving other minors; and this may continue the case for ever.

In other cases the owners, being indebted, convey to trustees to sell and pay debts, with reversion to the grantor and his heirs after debts are paid; will the death of a creditor or of the reversioner, leaving orphans, make a case within the act? for, be it remembered, that if a sale by the treasurer will not give a good title, no tax on unseated lands can be collected. There is no recourse to the person or other property of the owner, and no one will buy and improve woodland, where, by law, it must go from him in a few years.

It would seem, from all experience, that no person will pay taxes where, by law, he can avoid it or postpone it. If this judgment is reversed, we may look for such a trustee, as in this case, of all the unseated lands in the state. B. B. Cooper could sell as before, and use the money as before this deed; if he died, leaving property; it would go to his children; if he left no property, his children would have no recourse to any person else.

But it would seem the legislature have made a provision for this and all such cases. It is provided by the fifth section of the act of 1804, that a sale for taxes shall be good to vest, in a purchaser at treasurer's sale, a title in law and equity to the land sold, which the *real owner* had therein, though the land was not taxed or sold in the name of the real owner. If the tract sold is precisely designated, as in this case, by the name of the warrantor and number of the warrant, the sale is good and effectual, though William Willinich was at first or has since become a trustee for others; or, although he may be long since dead, and the title, as is here alleged, is vested in some other person. See 16 *Serg. & Rawle* 360.

This last provision of the law was made expressly for cases where the legal title was in one person, and the *real owner*, as it is expressed, might be a different person.

The title of the trustee and *cestui que* trust is in substance the same: as between themselves, there may be a difference; as to all the rest of the world, there is generally but one title in them both. If we should decide that to put an estate in the shape of a trust for the children of the trustee, suspended the power of collecting taxes from it, we should contravene the whole spirit and letter of our system of taxation. Where a case comes within the express provisions of a law, the law must have effect; where an exemption from the necessary burden on all citizens is given to a particularly designated portion, the persons claiming to belong to that portion must be within the designation, or we must see that the meaning and spirit of the law includes them. We do not see that the words or intention of the law will embrace the case of a family where the father has made himself a trustee for his children, perhaps for the very purpose of preventing his lands from being sold for taxes;

VIII.—P

[Cooper v. Brockway.]

or, if sold, to enable his children to recover them at some distant period.

Judgment affirmed.

*Smith* and *Miles*, for plaintiff in error.
*Hamilton*, for defendant in error.