Lane, C. J.
The title of the owner of property is bound by his admissions. While one holds the title, the admissions he makes may be given in evidence against him and against his privy. The heir, pursuing the estate of his ancestor, takes his right and interest, incumbered by all that rests against it, before, descent. If this deed had been set up against John Ross, the father, while holding the land, his own admissions would have been competent evidence; they are equally competent when offered against his heir. New trial granted; costs to abide the event.†

Declarations made by the person under whom the party claims, after the declarant has parted with his right, are inadmissible to affect any one claiming under him. Watson v. Cris, 11 Johns. 437; Weidman v. Rohr, 4 Serg. & Rawle, 174; Bartlett v. Delprat, 4 Mass. 702. And if it be doubtful whether the declaration was before or after the deed, it can not be received. Stockett v. Watkins, 2 Gill & Johns. 326. Declarations of the owner of property are admissible against one claiming his estate by purchase or by descent, by act of law or by act of the parties; and, in such case, it makes no difference whether the declarant be alive or dead. 2 Phil. Ev., Cowan & Hill’s Notes, 644. And where such declarant is himself a competent witness, and present in court, his admissions are receivable. Woolway v. Rowe, 28 Eng. Com. Law, 52.
The defendant in an ejectment claimed by a deed from Hughey. A question arose whether this deed had been delivered to the defendant. The plaintiff offered to prove that Hughey acknowledged before he conveyed to the defendant, that he had not paid the purchase money, and had no title. The evidence was rejected on the ground that it would affect a third person. But the reporter thought this a hasty decision. Clark v. Arnold, 2 Hayw. 287.