## Thompson *against* Fisher.

The identity of a tract of unseated land sold for the payment of taxes, is a matter of fact which cannot be made to depend alone upon the name in which it is sold, or any other particular matter of description; it is error, therefore, to reject the evidence of such a title because the name in which it was sold does not correspond precisely with that of the warrantee or any subsequent owner.

ERROR to the Common Pleas of *Indiana* county.

This was an action of ejectment by James C. Fisher against Joseph Thompson for a tract of land. The plaintiff's title was founded upon a warrant granted to *John Haldeman* upon which a survey was made and returned, and a patent granted, which was regularly vested in the plaintiff.

[Thompson v. Fisher.]

The defendant gave in evidence the assessments of unseated lands in Green township, Indiana county, for the years 1822, 1823,. 1824,.1825, containing the assessment to *John Halaman* of a tract of land containing 400 acres, for those years.

The defendant offered in evidence a deed from William Lucas, treasurer, to the defendant dated 23d March 1829, for 400 acres in Green township, for taxes, in the name of *John Holeman :* to be followed by proof, by John Evans, assessor for the years 1822, 1823, that he assessed the tract of land in dispute for the years 1822, 1823, in the name of *John Halaman,* and that some persons in that township called the *Haldeman* tract by that name. And further offered to show, by the duplicates, that there was no land assessed in Green township in the name of *John Haldeman,* and also to prove that, in the years 1822, 23, 24, 25, the tract of land in dispute was unseated. This offer was objected to by the plaintiff and overruled by the court, and the defendant excepted. This was the subject of the error assigned.

*Foster* for the plaintiff in error.

The opinion of the Court was delivered by

Huston, J.—We had Acts of assembly for assessing taxes on unsettled land more than a century ago, and we have had suits every year as to the validity of sales of such lands where the owner neglected to pay his taxes; and in the year 1804 a law was passed, which was intended to be so plain that a legal sale could be made. The deputy surveyors were directed to return to the commissioners the names of the warrantees in all tracts surveyed by them; but the name in the warrant was not always, nor generally, the name of the real owner. Besides this, unseated lands were frequently sold, and the owner this year might not be the owner next year. . And by the 53d section of that law it was enacted that the title to the purchaser should be good, though not sold in the name of the owner. The construction of this section has been the subject of frequent adjudication. In *Luffborough* v. *Parker,* (16 *Serg. & Rawle* 351), a tract sold in the name of *Nathaniel* Luffborough was held to pass the title against the owner, whose name was *Nathan.* In that case the tract was in a part of the State where every tract was of a particular number, and the tract in question had the number appropriated to the tract of Nathan Luffborough; and this weighed much with me, but is not noticed in the opinion of the court. It was held to be no error to leave it to the jury whether the tract in question was sold. I pass over several cases to come to *Burns* v. *Lyon,* (4 *Watts* 363). The owners of lands north and west of the Ohio and Allegheny, being required to make a settlement on each tract, entered into agreements with individuals to give them one half of the tract, if a settlement was made. This was evidenced by written agree-

vi.—66　　　2 t *

[Thompson v. Fisher.]

ments designating that the settler should have his half from the north or south, or east or west side of the tract, according to the agreement. The part of the warrant owner remained unoccupied, generally, for many years; and in 1812 a law was passed authorizing the settler's half to be taxed to him, and the remaining half taxed as unseated land, and sold if the taxes were not paid. Two hundred acres were assessed and sold as part of the tract on which J. D. was settled. Now in this case neither the name of the warrantee nor owner was given; yet the purchaser held the land, and it was distinctly decided that it must in many cases be left to the jury to say whether the land sold was that for which suit was brought. Where the land is unseated, it is the land which is taxed; the owner is not liable personally. There would be no doubt in that case. More difficulty has occurred in subsequent cases. *Hiester* v. *Laird*, (1 *Watts & Serg.* 245); but it was again decided that it must be left to the jury; and we have not been able to find any other standard. If the name is misspelt, or the quantity of land is mistaken, we cannot avoid a sale for that except in a flagrant case. Let it not be understood that I mean that any tract may be sold in any name; if the name is mistaken, so as not to be liable to be considered the same, there must be some other evidence to designate the tract, or it will not pass; but evidence other than the name alone must sometimes be admitted, and ought to have been admitted in this case.

Judgment reversed, and a *venire de novo* awarded.