## Commonwealth *v.* Molten, Appellant.

*Criminal law—Murder—Insanity—Burden of proof—Evidence—Instructions.*

1. When insanity is set up as a defense to an indictment charging the commission of a crime it becomes, under sec. 66 of the Criminal Code of March 31, 1860, P. L. 427, a distinct issue before the jury, and if in their judgment the accused ought to be acquitted because he was insane at the time he committed the act charged against him, there must be a special finding by the jury of insanity as the ground of acquittal.

2. While the burden is upon those defending a prisoner charged with crime, to establish his insanity at the time the act was committed

as a reason why he should not be held responsible for the consequences of his act, it is not necessary that his insanity should be established conclusively and beyond all reasonable doubt. It need only be established by the fair preponderance of proof.

3. On the trial of an indictment for murder where insanity is set up as a defense, it is reversible error for the trial judge to charge as follows: "In considering the question of insanity your· first question is whether the evidence clearly establishes that the defendant was insane at the time the attack was committed."

4. In such a case the error is not cured by the fact that the trial judge in other parts of his charge, and in his answers to points submitted by the prisoner, correctly stated the law as to the degree of proof required to establish insanity.

Argued Jan. 16, 1911. Appeal, No. 45, Oct. T., 1911, by defendant, from judgemnt of O. & T. Allegheny Co., Sept. T., 1910, No. 42, on verdict of guilty of murder of the first degree in case of Commonwealth v. Julius Molten. Before Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ. Reversed.

Indictment for murder. Before Swearingen, P. J.

The opinion of the Supreme Court states the case.

Verdict of guilty of murder of the first degree upon which judgment of sentence was passed. Defendant appealed.

*Error assigned* was the portion of the charge quoted in the opinion of the Supreme Court.

*Frank R. Steward,* with him *W. H. Stanton,* for appellant.—In this state, the rule is well settled that where the defense offered is insanity, such defense must be made out by "fairly preponderating evidence:" Ortwein v. Com., 76 Pa. 414; Lynch v. Com., 77 Pa. 205; Coyle v. Com., 100 Pa. 573; Com. v. Gerade, 145 Pa. 289; Com. v. Gutshall, 22 Pa. Superior Ct. 269.

Where there is an erroneous instruction on a point vital to the defense, especially in a capital case, as here, such· instruction is reversible error and a new trial will be' granted, even though the correct instruction be also given,

on the ground that it is left to conjecture which instruction the jury followed: Com. v. Gerade, 145 Pa. 289; Com. v. Greene, 227 Pa. 86; Com. v. Sayars, 21 Pa. Superior Ct. 75; Com. v. Frucci, 216 Pa. 84; Com. v. Deitrick, 221 Pa. 7.

*Harry H. Rowand,* assistant district attorney, with him *W. A. Blakeley,* district attorney, for appellee.—It is only fair that the sentences immediately preceding and following are so closely connected with the one complained of, that they should be taken, read and considered together: Kilpatrick v. Com., 31 Pa. 198; Green v. Com., 83 Pa. 75; Alexander v. Com., 105 Pa. 1; Com. v. Johnson, 133 Pa. 293; Com. v. Zappe, 153 Pa. 498; Com. v. Mudgett, 174 Pa. 211; Com. v. Wireback, 190 Pa. 138; Com. v. Lewis, 222 Pa. 302.

Upon the measure of proof and burden cast upon the defendant where insanity is alleged, we call attention to the famous case of Daniel McNaughten, 10 Clark & Finnelly, 200: Ortwein v. Com., 76 Pa. 414; Lynch v. Com., 77 Pa. 205; Com. v. Wireback, 190 Pa. 138; Com. v. Heidler, 191 Pa. 375; Com. v. Gearjardt, 205 Pa. 387.

OPINION BY MR. JUSTICE BROWN, February 6, 1911:

One of the defenses made for the prisoner on his trial in the court below was insanity, and of it the learned trial judge said to the jury in his general charge, "In considering the question of insanity your first question is whether the evidence clearly establishes that the defendant was insane at the time the attack was committed." This language is the subject of the only assignment of error.

By the sixty-sixth section of our criminal code of March 31, 1860, P. L. 427, it is provided that "In every case in which it shall be given in evidence upon the trial of any person charged with any crime or misdemeanor, that such person was insane at the time of the commission of such offense, and he shall be acquitted, the jury shall be required to find specially whether such person was insane

at the time of the commission of such offense, and to declare whether he was acquitted by them on the ground of such insanity." When insanity is set up as a defense to an indictment charging the commission of a crime, it becomes, under the act of 1860, a distinct issue before the jury, and if, in their judgment, the accused ought to be acquitted because he was insane at the time he committed the act charged against him, there must be a special finding by the jury of insanity as the ground of acquittal. Though we have repeatedly said how a jury is to be led to the conclusion of insanity in such a case, we are called upon to do so again on this appeal. While the burden was upon those defending the prisoner to establish his insanity at the time he shot the deceased as a reason why he should not be held responsible for the consequences of his act, it was not necessary that his insanity should be established conclusively and beyond all reasonable doubt. It was not, however, sufficient that the evidence had merely raised a doubt as to his insanity, for to doubt is to not believe, and nothing but belief that the prisoner was actually insane at the time of the commission of the offense charged against him could have justified the jury in acquitting him on that ground. Such a belief under the humane rule of our cases, is one that results from a fair preponderance of the evidence. In Meyers v. Com., 83 Pa. 131, in which the defense was insanity, the instruction to the jury by the trial judge was that the duty had devolved upon the prisoner, if he was to be cleared of the killing, to satisfy them beyond a reasonable doubt that he was insane at the time the act was committed. In holding that this was error calling for a reversal of the judgment, we said, through AGNEW, C. J.: "There is one error for which the sentence in this case must be reversed. It appears in several parts of the charge, leaving no doubt as to the meaning of the learned judge who presided at the trial. It must, therefore, have impressed the minds of the jurors. Without specifying each instance, it may be summed up in a single statement, that the judge

instructed the jury, that they must be satisfied beyond a reasonable doubt, that the prisoner was insane at the time the act was committed. This statement is too stringent and throws the prisoner upon a degree of proof beyond the legal measure of his defense. That measure is simply proof which is satisfactory—such as flows fairly from a preponderance of the evidence. It need not be beyond doubt. A reasonable doubt of the fact of insanity, on the other hand, is not sufficient to acquit upon a defense of insanity. This has been held in several cases: Ortwein v. Commonwealth, 26 P. F. Smith, 414; Lynch v. Commonwealth, 27 Id. 205; Brown v. Commonwealth, 28 Id. 122. Sanity being the normal condition of men, and insanity a defense set up to an act which otherwise would be a crime, the burthen rests upon the prisoner of proving his abnormal condition. But the evidence of this need be only satisfactory—and the conclusion such as fairly results from the evidence. Where the evidence raises a balancing question, and the mind is brought to determine its preponderance, there may be a doubt still existing in the mind, yet the actual weight may be with the prisoner; and this proof should be considered satisfactory. In cases of conflicting evidence the preponderance must govern, there being no other rational means of decision. But if we say in such a case it must be satisfactory beyond a reasonable doubt, it is evident the expression implies more than a mere preponderance. It is difficult to define the precise difference between the two measures, yet we are conscious in our own minds that to be convinced beyond a reasonable doubt is a severer test of belief than to be satisfied that the preponderance falls on that side."

When the jury in the present case heard the trial judge say to them that, in passing upon the prisoner's alleged insanity, the first question for their consideration would be whether the evidence "clearly" established it, they could have attached but one meaning to his words, which was that, before they could acquit on the ground of in-

sanity, it must have been clearly proven that the prisoner was insane when he shot the deceased. This exacted a degree of proof beyond the measure of the law's requirement, as was again made plain by our Brother STEWART in Com. v. Lee, 226 Pa. 283.

In Coyle v. Com., 100 Pa. 573, the trial judge charged the jury that as the law presumes sanity, that presumption "can only be overthrown by clearly preponderating evidence." This was held to be substiantal error, SHARS-WOOD, C. J., remarking on the argument: " 'Clearly,' as used in the answer to the defendant's third point is, in my judgment, equivalent to instructing the jury that they must be satisfied beyond a reasonable doubt of the prisoner's insanity, and we have decided that such an instruction is error." In reversing the judgment and awarding a new trial we said: "It is not sufficient cause for acquittal of one charged with crime, and defending under a plea of insanity, that a doubt is raised as to its existence. As sanity is presumed, when the fact of insanity is alleged it must be satisfactorily proved: Ortwein v. Commonwealth 26 P. F. Smith 414; Lynch v. Same, 27 Id. 205. The question remains, what degree of proof is necessary to overthrow the presumption of sanity? The court said it can be 'only by clearly preponderating evidence.' The court also (misled, it is said, by the language in the brief furnished it) cited the case of Brown v. Commonwealth, 28 P. F. Smith 122, as declaring to 'establish this defense (viz., insanity), it must be clearly proved by satisfactory and clearly preponderating evidence.' This is not the language of that case. It is demanding a higher degree of proof than the authorities require. It may be satisfactorily proved by evidence which fairly preponderates. To require it to 'clearly preponderate' is practically saying it must be proved beyond all doubt or uncertainty. Nothing less than this will make it clear to the jury, and make them conclusively convinced. This is not required to satisfy the jury: Hiester v. Laird, 1 W. & S. 245. It is not necessary that

the evidence be so conclusive as to remove all doubt: Ortwein v. Commonwealth, supra; Brown v. Same, supra; Meyers v. Same, 2 Norris, 131; Pannell v. Same, 5 Id. 260. When one is on trial for his life, care must be taken that he receive from the court that due protection which the law has wisely thrown around him. Evidence fairly preponderating is sufficient." A later case is Com. v. Gerade, 145 Pa. 289. The jury were there instructed that, to establish a defense on the ground of insanity, it must be "clearly proved" that at the time of committing the act the party accused was insane. No distinction can be pretended between "clearly established" and "clearly proved," and in holding that error has been committed in the instruction that insanity must be clearly proved, it was said, through Mr. Justice STERRETT: "Without questioning the general correctness of what was said, in that connection, as to the kind of insanity that constitutes a defense to an act, which would otherwise be punishable as criminal, we think the degree of proof necessary to sustain such a defense was too strongly stated in saying 'it must be clearly proved.' This was imposing on the defendant a greater burden than the law requires. In harmony with the humane principle of the criminal law, that every person accused of crime shall be presumed innocent until his guilt is clearly established, it is incumbent on the commonwealth to prove, not only to the satisfaction of the jury but beyond a reasonable doubt, the presence of every ingredient necessary to constitute the crime charged in the indictment. That burden, as was said in Turner v. Com., 86 Pa. 54, never shifts, but rests on the prosecution throughout; so that, in all cases, a conviction can be had only after the jury has been convinced, beyond a reasonable doubt, of the defendant's guilt. It necessarily follows that, if the evidence is such as to leave a reasonable doubt in the minds of the jury as to the existence of any necessary ingredient of the crime charged, they should give the defendant the benefit of that doubt. But presumptions of fact sometimes stand for full and express

proof until the contrary is shown. For example, inasmuch as sanity is the normal condition of man, every one is presumed to be sane, and that presumption holds good, and is the full equivalent of express proof, until it is successfully rebutted. When insanity of the defendant is set up as a defense, it is incumbent on him to rebut the ordinary presumption of sanity, and show, not beyond a reasonable doubt, nor either clearly or conclusively, but by fairly preponderating evidence, such as is ordinarily required to prove a fact in civil issues, that he was insane at the time of committing the alleged crime. In Lynch v. Com., 77 Pa. 205, 213, the trial judge refused to charge 'that, if the jury have a reasonable doubt as to the condition of the defendant's mind at the time the act was done, he is entitled to the benefit of such doubt, and they cannot convict;' and, for further answer to the point, said: 'The law of this state is that where the killing is admitted, and insanity or want of legal responsibility is alleged as an excuse, it is the duty of the defendant to satisfy the jury that insanity actually existed at the time of the act; a mere doubt as to such insanity will not justify the jury in acquitting on that ground.' That instruction was approved by this court, and substantially the same instruction was afterwards sanctioned in Ortwein v. Com., 76 Pa. 414, 421, 425, and other cases. In Coyle v. Com., 100 Pa. 573, the same rule of evidence was again recognized. It was further held to be error, in that case, to instruct the jury that the defense of insanity should be proved by clearly preponderating evidence. The instruction should have been 'fairly preponderating,' instead of 'clearly preponderating evidence.' " We have quoted at length from our prior utterances on the question again before us on this appeal in the hope that they may be a chart which, after having been reread, will not hereafter be forgotten, to the almost certain delay of justice. No matter what the crime may be, he who is charged with it, however apparent his guilt may be, must be tried according to the law of the land.

But it is contended by the commonwealth that, inasmuch as the trial judge, in a portion of his charge immediately preceding the language complained of by the assignment of error, and in his answers to the second and third points submitted by the prisoner, correctly stated the law as to the degree of proof required to establish insanity as a defense, the jury must have fully understood the measure required, and the judgment should not, therefore, be reversed. To this we cannot assent. The language complained of was manifestly erroneous and the words were spoken for the guidance of a jury upon whom the law had imposed the grave responsibility of determining whether one of their fellow men should live or die. Who can tell which instruction they followed? The words that the insanity of the prisoner must have been "clearly" established before they could acquit him on that ground may have sounded in their ears until their verdict was reached, and if so, the fair preponderance of the evidence may have availed the prisoner nothing. It is enough to know in such a case that an erroneous instruction was of a character likely to mislead the jury on a point vital to the defendant.

The assignment of error is sustained and the judgment reversed with a venire facias de novo.