# Commonwealth *v.* Wheeler, Appellant.

*Criminal law—Murder—Insanity — Presumption of sanity — Charge of court.*

1. Sanity is the normal condition of mind; its existence is to be presumed and the burden of proving insanity. rests upon the party relying upon it as a defense.

2. Where, in a murder trial, the fact that defendant killed deceased without justification or excuse was established beyond doubt, but the defense was insanity, the only question to be determined by the jury was whether the defendant's insanity had been established by satisfactory proof, and it was not the duty of the trial judge to charge the jury that the defendant was entitled to the presumption of innocence.

Argued Sept. 28, 1914. Appeal, No. 246, Jan. T., 1914, by defendant, from judgment of O. & T., Bradford Co., Feb. T., 1914, No. 1, on verdict of guilty of murder of the first degree in case of Commonwealth v. Samuel Wheeler. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Indictment for murder. Before MAXWELL, P. J.

The facts appear in the opinion of the Supreme Court.

Verdict of guilty of murder of the first degree, upon which sentence of death was passed. Defendant appealed.

*Error assigned* was the charge of the jury.

*Charles E. Mills,* of *Mills & Schrier,* with him, *W. T. Carey,* for appellant.

*Charles M. Culver,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE FELL, October 26, 1914:

The appellant was convicted of murder of the first

degree. That he killed the deceased without the slightest justification or excuse was established beyond the possibility of doubt and was conceded at the trial. The only defense was that of insanity. The error alleged in the single assignment filed is that the trial judge failed to instruct the jury that the appellant was entitled to the presumption of innocence. A request to so charge was not made and there was no reason for so charging. On the issue raised the only verdict that could have been rendered was guilty of murder of the first degree or not guilty on the ground of insanity. The testimony and the admissions at the trial effectually rebutted the presumption of innocence to which a person accused of crime is entitled and the only question to be determined was whether the defense of insanity had been established by satisfactory proof. On this subject there was no presumption in the appellant's favor. The presumption was against him. Sanity is the normal condition of mind and its existence is to be presumed and the burden of proof was on him: Com. v. Molten, 230 Pa. 399. The judgment is affirmed and it is directed that the record be remitted for the purpose of execution.