## Commonwealth v. Simanowicz, Appellant.

*Criminal law—Procedure—Preliminary issue to determine sanity—Degree of proof required—Erroneous charge—Effect of subsequent proceedings.*

1. On the trial of a preliminary issue, under the Act of March 31, 1860, P. L. 427, to determine the sanity of one indicted for murder, it is error for the court to instruct the jury that in order to find the prisoner insane they must be satisfied of his insanity beyond a reasonable doubt.

2. The question to be decided in such a case is whether the de-

fendant is mentally able to make a rational defense and this fact is to be decided by preponderance of the evidence.

3. In such a case the error in the trial of the preliminary issue renders all subsequent proceedings of which it was a part invalid, and such error is not afterwards corrected by the withdrawal of the plea of not guilty, entered by direction of the court when the prisoner stood mute, and by the entry, by advice of counsel, of the plea of guilty.

*Criminal law—Warrant of attorney.*

4. In a criminal case there is no warrant of attorney actual or potential.

Argued Oct. 7, 1913. Appeal, No. 247, Jan. T. 1913, by defendant, from judgment of O. & T. Schuylkill Co., March T., 1913, No. 418, of guilty of murder of the first degree, entered on a plea of guilty in case of Commonwealth v. John Simanowicz. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Indictment for murder. Before KOCH, J.

The opinion of the Supreme Court states the facts.

In a preliminary proceeding to determine the sanity of the prisoner the jury found the prisoner sane. Thereafter the prisoner, by his counsel, pleaded guilty and the court found him guilty of murder of the first degree and passed sentence of death. Defendant appealed.

*Errors assigned,* among others, were the third, fourth and sixth, which were as follows:

3. The court below erred, in the trial of the preliminary issue of the defendant's present insanity, in charging the jury as follows:

"Now he has had hallucinations; he has had delusions; and the doctors say to us that they are of a fixed and of a permanent character; that is, he cannot dissuade himself of those false impressions, whether they were derived externally from the intuition of the senses or were received in that way from the generation of his

own impression, so he cannot get rid of them. If you believe that, if you think that is true, from all you have heard, and if you are satisfied beyond a reasonable doubt, then you ought to say that this man is insane."

4. The court erred in the trial of the said issue, in charging the jury as follows:

"The presumption of law is that everybody is sane, and before a person can be said to be insane by a jury, the jury must be satisfied beyond a reasonable doubt by the fair preponderance of the testimony in the case."

6. The court erred, in the trial of the said issue, in charging the jury as follows:

"Therefore, it is essential and necessary that a jury must be satisfied beyond a reasonable doubt of the sanity of an individual before they can say he was insane. Now are you so satisfied? If you are satisfied that the man is insane, from what these people have told you here, then you ought to say so, because then it would be his unfortunate condition, and we would be required to take him and put him in some place where he could properly be restrained until such time as he may be restored to health, if that be possible, and if not possible then to be kept in custody until such time as nature works his dissolution."

*William M. Fausset,* with him *R. A. Reick,* for appellant.—The test of insanity is not precisely the same as on the main issue; it is whether the prisoner can make a rational defense: Freeman v. People, 4 Denio (N. Y.) 9; Com. v. Colandro, 231 Pa. 343.

*E. J. Maginnis,* with him *M. F. Duffy* and *C. A. Whitehouse,* District Attorney, for appellee.—The subsequent plea of guilty cured whatever errors occurred in the trial of the preliminary issue.

OPINION BY MR. CHIEF JUSTICE FELL, November 7, 1913:

When the prisoner was called to the bar of the court to plead to the indictment charging him with the crime of murder, his counsel presented a petition, signed by them in his behalf, in which it was alleged that he was then insane and not mentally competent to confer with his counsel or to comprehend the nature of the proceedings on a trial of the indictment, and it was asked that an issue be framed to try the question of his sanity, as provided by section 67 of the Act of March 31, 1860, P. L. 427. The petition was granted by the court, an issue was framed and the jury found the prisoner was sane. On the trial of this preliminary issue the jury were instructed that in order to find the appellant insane they must be satisfied of his insanity beyond a reasonable doubt. This instruction was incorrect. Sanity is the normal condition of mind and its existence is presumed. But in order to overcome the presumption of sanity it is not necessary that insanity should be established beyond a reasonable doubt. That this measure of proof is not required when insanity is set up as a substantive defense on the trial of the main issue has been held in a long line of our cases which are reviewed by our Brother BROWN in Com. v. Molten, 230 Pa. 399, and reaffirmed by the decision in that and in subsequent cases. The same rule obtains on the trial of a preliminary issue to determine whether a prisoner, who is called to plead, is then insane. The question to be decided is whether he is mentally able to make a rational defense and this fact is to be decided by a preponderance of the evidence.

The error in the trial of the preliminary issue rendered all subsequent proceedings of which it was a part invalid. It was not afterwards cured by the withdrawal of the plea of not guilty entered by direction of the court when the prisoner stood mute and by the entry, by advice of counsel, of the plea of guilty. That plea was entered under a misapprehension by counsel of the facts which induced them to consent to it, and to which it is unnecessary to refer further than to say that neither

their good faith nor the wisdom of their action in the light they then had can be questioned. But the plea was entered in behalf of a prisoner who on the averment of his counsel was not mentally competent to understand the proceedings in court or to confer with them in relation to the charge of the indictment. He should not be held to be bound by it. "In a criminal case there is no warrant of attorney, actual or potential": Prine v. Com., 18 Pa. 103. The prisoner never had a trial of the preliminary issue which was properly submitted to the jury and his right to one could not be waived by counsel.

The third, fourth and sixth assignments of error are sustained. The judgment is reversed, and a venire facias de novo is awarded.

