681 A.2d 1328

**COMMONWEALTH of Pennsylvania, Respondent,**

**v.**

**John E. duPONT, on behalf of himself and all those similarly situated in the Commonwealth of Pennsylvania, Petitioner.**

Supreme Court of Pennsylvania.

Submitted June 20, 1996.

Decided Aug. 19, 1996.

Richard A. Sprague, Philadelphia, William H. Lamb, West Chester, Taras M. Wochok, Paoli, for John E. duPont.

Dennis C. McAndrews, Media, Joseph E. McGettigan, Harrisburg, for the Commonwealth.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## *OPINION*

NIGRO, Justice.

For purposes of this appeal, the relevant facts are as follows. Petitioner John E. duPont is charged with first-degree murder. Petitioner has been incarcerated without bail in the Delaware County Prison since January 28, 1996. On March 18, 1996, the Court of Common Pleas of Delaware County *sua sponte* ordered a competency examination of Petitioner pursuant to sections 7402(d) and (e) of the Pennsylvania Mental Health Procedures Act ("the Act"), 50 P.S. §§ 7101–7503 (1976), after finding that there was a *prima facie* question as to Petitioner's incompetency. The trial court

designated two psychiatrists to conduct Petitioner's competency examination.

On May 6 and May 7, 1996, Petitioner filed an emergency application for relief with this Court on behalf of himself and all those similarly situated defendants in the Commonwealth, requesting a stay of his competency examination and challenging the constitutionality of section 7403(a) of the Act following the recent decision by the United States Supreme Court in *Cooper v. Oklahoma,* —— U.S. ——, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996). On May 13, 1996, Petitioner's competency examination was stayed pending further Order of this Court. On May 16, 1996, this Court assumed extraordinary jurisdiction pursuant to 42 Pa.C.S. § 726 over the question of what burden of proof applies in a competency hearing in a criminal case under section 7403(a) of the Act following *Cooper.*

Section 7403(a) was recently amended by the legislature and signed into law by the Governor on July 2, 1996. Section 7403(a) now reads as follows:

> (a) **Competency Determination and Burden of Proof.**— Except for an incompetency examination ordered by the court on its own motion as provided for in section 7402(d), the individual making an application to the court for an order directing an incompetency examination shall have the burden of establishing incompetency to proceed by a preponderance of the evidence. The determination shall be made by the court.[1]

50 P.S. § 7403(a).

In *Cooper,* the United States Supreme Court struck down an Oklahoma statute which required a criminal defendant to prove his incompetency by clear and convincing evidence. The *Cooper* Court found that such a heavy burden violated the

---

1. Prior to the recent amendment, Section 7403 of the Act provided as follows:

    (a) **Competency Determination and Burden of Proof.**—The moving party shall have the burden of establishing incompetency to proceed by clear and convincing evidence. The determination shall be made by the court.

defendant's due process rights under the Fourteenth Amendment of the United States Constitution. The *Cooper* Court reasoned that if a defendant is required to prove his incompetence by clear and convincing evidence, the State would unfairly be permitted "to put on trial a defendant who is more likely than not incompetent." *Cooper*, —— U.S. at ——, 116 S.Ct. at 1379. In view of this dangerous possibility, the *Cooper* Court invalidated the Oklahoma statute emphasizing that "a defendant's fundamental right to be tried only while competent outweighs the State's interest in the efficient operation of its criminal justice system." *Id.*

Prior to the recent amendment, Section 7403(a) of the Act imposed the identical burden on a criminal defendant as the Oklahoma statute which was declared unconstitutional in *Cooper*. *See Cooper*, —— U.S. at —— n. 16, 116 S.Ct. at 1380 n. 16 (comparing Pennsylvania and Oklahoma competency statutes). As the United States Supreme Court explained in *Cooper*, the burden imposed under section 7403(a) made Pennsylvania one of only four states which "require the criminal defendant to prove his incompetency by clear and convincing evidence." *Id.* at ——, 116 S.Ct. at 1380. Thus, as acknowledged by both parties to this appeal, *Cooper* clearly rendered section 7403(a) prior to the legislature's recent action unconstitutional.

■ Now, however, the legislature has amended section 7403(a) to require that a defendant at a competency hearing need only demonstrate his incompetency to stand trial by a preponderance of the evidence. As explained below, it is well-settled that the Commonwealth may require a criminal defendant to demonstrate his incompetence to stand trial by a preponderance of the evidence.

In *Cooper*, the United States Supreme Court announced that its decision did not affect its earlier ruling in *Medina v. California*, 505 U.S. 437, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992), which established that "a State may presume that the defendant is competent and require him to shoulder the burden of proving his incompetence by a preponderance of the

evidence." *Cooper*, —— U.S. at ——, 116 S.Ct. at 1376 (explaining *Medina* ). Thus, *Cooper* and *Medina* make clear that requiring a criminal defendant to prove his incompetence to stand trial by a preponderance of the evidence does not violate that defendant's constitutional rights under the Due Process Clause of the Fourteenth Amendment. *See id.*

Likewise, this Court has held in a long line of cases that a criminal defendant has the burden of proving his incompetency to stand trial by a preponderance of the evidence. *See, e.g., Commonwealth v. Logan,* 519 Pa. 607, 623 n. 5, 549 A.2d 531, 539 n. 5 (1988); *Commonwealth v. Banks,* 513 Pa. 318, 340 n. 11, 521 A.2d 1, 12 n. 11 (1987); *Commonwealth v. Robinson,* 494 Pa. 372, 376, 431 A.2d 901, 903 (1981); *Commonwealth v. Davis,* 459 Pa. 575, 578, 330 A.2d 847–48 (1975); *Commonwealth v. Kennedy,* 451 Pa. 483, 487, 305 A.2d 890, 892 (1973); *Commonwealth v. Carluccetti,* 369 Pa. 190, 85 A.2d 391 (1952); *Commonwealth v. Simanowicz,* 242 Pa. 402, 89 A. 562 (1913); *Commonwealth v. Molten,* 230 Pa. 399, 402, 79 A. 638, 639 (1911). These cases employing a preponderance of the evidence standard do not offend due process under Article I, § 9 of the Pennsylvania Constitution.[2] Indeed, in *Cooper,* the United States Supreme Court cited with approval the "preponderance of the evidence" standard adopted by the majority of the states as firmly rooted in our nation's common law jurisprudence. *See Cooper,* —— U.S. at —— n. 14, n. 17, 116 S.Ct. at 1378 n. 14, n. 17.

Additionally, Petitioner argues that, once the trial court has expressed a doubt as to a criminal defendant's competence by ordering a competency examination *sua sponte,* it is inappropriate to retain the presumption that a defendant is competent to stand trial. We cannot agree with Petitioner's argument on this point.

As section 7403(a) now makes clear, a criminal defendant is presumed competent to stand trial and must prove

---

**2.** Article I, Section 9 provides as follows:

> In all criminal prosecutions, the accused [cannot] be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land.

his incompetency by a preponderance of the evidence. *See, e.g., Logan; Banks; Robinson; Davis; Kennedy; Carluccetti; Simanowicz; Molten.* Petitioner offers this Court no authority that compels us to carve out an exception to the preponderance of the evidence burden, nor do we see any reason to do so. Regardless of whether the trial court or Petitioner raises the question of Petitioner's incompetency by requesting a competency examination, Petitioner shoulders the burden at a subsequent competency hearing of demonstrating his incompetency to stand trial by a preponderance of the evidence. *See id.*[3]

Moreover, in *Medina,* the United States Supreme Court flatly rejected Petitioner's argument. In *Medina,* the defendant asserted that once the trial court expressed a doubt as to the defendant's competence by ordering a competency hearing to be held, it was "irrational to retain the presumption that a defendant is competent." *Medina,* 505 U.S. at 452, 112 S.Ct. at 2581. Finding that, "in essence, the challenged presumption is a restatement of the burden of proof," the high Court in

---

**3.** Section 7402(d) of the Act was also recently amended by the legislature. Section 7402(d) provides as follows:

> **(d) Hearing; When Required.**—The Court, either on application or on its own motion, may order an incompetency examination at any stage in the proceedings and may do so without a hearing unless the examination is objected to by the person charged with the a crime or by his counsel. In such event, an examination shall be ordered only after determination upon a hearing that there is a *prima facie* question of incompetency. *Upon completion of the examination, a determination of incompetency shall be made by the court where incompetency is established by a preponderance of the evidence.*

Under section 7402(d), the defendant may apply for a competency examination, which the trial court may order based upon a finding that there is a *prima facie* question as to the defendant's incompetency. Likewise, under section 7402(d), the trial court is permitted *sua sponte* to order the defendant to undergo a competency examination based upon a determination that there is a *prima facie* question as to the defendant's incompetency. Regardless, however, of whether the trial court grants the defendant's request for a competency examination or instead *sua sponte* orders a competency examination of the defendant, it is clear that at the competency hearing itself the defendant must produce evidence sufficient to allow the trial court to find by a preponderance of the evidence that he is incompetent to stand trial. *See* 50 P.S. §§ 7402(d), 7403(a).

*Medina* rejected this argument based on its prior determination that the State was permitted to require the defendant to prove his incompetency by a preponderance of the evidence. *Id.*

For the above reasons, we remand the case to the Court of Common Pleas of Delaware County for further consideration consistent with this Opinion.