J. A26026/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                          :          PENNSYLVANIA
                          v.                             :
                                                          :
DAVON ANTHONY HAIRSTON,          :        No. 444 MDA 2015
                                                          :
                   Appellant            :


Appeal from the Judgment of Sentence, November 22, 2013,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0004751-2011


BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND PLATT,* JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED SEPTEMBER 22, 2015**

Davon Anthony Hairston appeals from the judgment of sentence of

November 22, 2013, following his conviction of robbery, aggravated assault,

simple assault, terroristic threats, reckless endangerment of another person,

burglary, theft by unlawful taking, and criminal conspiracy.[1]  We affirm.

The trial court summarized the facts and procedural history as follows:

> The charges in this matter arose from an
> incident that took place on September 20, 2011,
> when [appellant] and three other men entered an
> occupied apartment for the purpose of robbing the
> residents.  The intruders used a crowbar to assault
> two of the men and threatened all of them with a
> gun.  Money, electronics, wallets and other personal
> belongings were taken.

---

* Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(i); 2702(a)(4); 2701(a)(3); 2706(a)(1); 2705;
3502(a); 3921(a); and 903(c), respectively.

[Appellant] is currently incarcerated after being convicted by a jury following a trial held September 16-19, 2013, on the charges of Robbery, Aggravated Assault, Burglary and Criminal Conspiracy. Appellant was sentenced on November 26, 2013, to an aggregate term of incarceration of eighty-four (84) to one hundred sixty-eight (168) months. No direct appeal was filed.

On October 10, 2014, [appellant] filed a Petition under the Post-Conviction Relief Act[2] ("PCRA") for which this Court appointed counsel. In his Petition, [appellant] claimed ineffective assistance of counsel. In his Petition, he stated that he had directed trial counsel to file a direct appeal to the Pennsylvania Superior Court but one was not perfected.

PCRA counsel filed a Petition requesting the reinstatement of his direct appeal rights **nunc pro tunc** or, in the alternative, that an evidentiary hearing be held to establish a factual record upon which to dispose of his Petition. The Commonwealth filed [a] response and on January 22, 2015, this Court held a hearing on the matter. Based on the facts presented at the hearing, this Court entered an order on February 10, 2015, reinstating [appellant's] right to file a direct appeal **nunc pro tunc**. On March 10, 2015, a timely Notice of Appeal to the Pennsylvania Superior Court was filed.

Trial court opinion, 7/2/15 at 1-2.

Appellant has raised the following issue for our review, challenging the trial court's decision to not order a psychiatric examination of appellant.

Whether the [trial] Court erred as a matter of law by failing to order a psychiatric evaluation to determine whether Appellant was competent to stand trial?

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

Appellant's brief at 6.

A defendant is presumed competent to stand trial. ***Commonwealth v. Brown***, 872 A.2d 1139, 1156 (Pa. 2005) (citation omitted). Specifically, our supreme court has stated that,

> [c]ompetency to stand trial is measured by the relationship between counsel and client: to be deemed competent, the defendant needs to have the ability to consult with counsel with a reasonable degree of understanding, in order to participate in his defense, and he must be able to understand the nature or object of the proceedings against him.

***Commonwealth v. Blakeney***, 108 A.3d 739, 752 (Pa. 2014); 50 P.S. § 7402(a).

The trial court is only required to order a competency hearing if there "is reason to doubt the defendant's competency." ***Commonwealth v. Uderra***, 862 A.2d 74, 88 (Pa. 2004). This is determined by whether the defendant can make a ***prima facie*** showing of incompetence. 50 P.S. § 7402(d); ***Commonwealth v. duPont***, 681 A.2d 1328 (Pa. 1996). The trial court's decision to not hold a competency hearing can only be disturbed by an appellate court upon a finding that the trial court abused its discretion. ***Commonwealth v. Santiago***, 855 A.2d 682, 693-694 (Pa. 2004) (citations omitted).

Appellate courts have consistently found that the trial judge is best equipped to make the determination on whether a competency hearing is required because the trial judge has the ability to observe the defendant

throughout the entire trial, and can thus come to an appropriate decision as to whether a competency hearing is necessary. **Commonwealth v. Flor**, 998 A.2d 606, 617 (Pa. 2010) (citations omitted). Should the trial court order a competency hearing, a defendant has the burden of proving that he or she is incompetent to stand trial by a preponderance of the evidence. **Brown**, 872 A.2d at 1156.

The trial court in the instant case denied appellant's request for a competency hearing based on the trial judge's observation that appellant's behavior and demeanor lacked sufficient evidence to establish a ***prima facie*** case that appellant was incompetent to stand trial. First, the trial court did not note any instances either before or during the trial where appellant did not possess a full knowledge and appreciation of the proceedings, or the ability to reasonably assist in his own defense. Appellant demonstrated a reasonable comprehension of the proceedings upon being colloquied by the trial court when appellant elected not to testify in his own defense. As the trial court noted, appellant "was quite adept at navigating [the] post-conviction legal system ***pro se*** through a series of letters to [this court] and [the] Court of Common Pleas and the filing of a PCRA Petition which ultimately resulted in [the instant appeal]." (Trial court opinion, 7/2/15 at 6 n.5.)

Second, appellant failed to make a ***prima facie*** case demonstrating the need for a competency hearing. Defense counsel made only two

references to appellant's incompetence to stand trial. On the second day of the proceedings, and after the jury was empaneled and sworn, but before opening statements, defense counsel requested a competency hearing because appellant urinated on himself in the presence of the jury two days earlier. (Notes of testimony, 9/18/13 at 12-13.) Defense counsel also told the trial court that he was just recently made aware that appellant had a "mental health history and [a Social Security disability[3] ("SSD")] diagnosis." (*Id.*)

Defense counsel's only other reference to appellant's mental health and receipt of SSD benefits came during a cross-examination of one of the original co-defendants, Bryant Henry. Counsel asked Henry if he was aware that appellant was "slow," receiving SSD, and taking special education classes. (*Id.* at 54.) At no point throughout the trial did defense counsel cite any specific diagnosis of a mental health disorder, nor did he provide the reason that appellant was receiving SSD benefits.

These circumstances are similar to those presented in *Uderra*. There, defense counsel cited the fact that his client was placed on suicide watch in jail (without providing any further explanation) and his client's reaction to the jury finding him guilty in a first-degree murder trial as reasons for the

---

[3] As the trial court notes, SSD benefits may be granted for a myriad of reasons aside from mental health issues that would warrant a finding of incompetency to stand trial. (Trial court opinion, 7/2/15 at 5-6; **see also** 42 U.S.C. § 423(d).)

trial court to grant a competency hearing. **_Uderra_**, 862 A.2d at 88. Specifically, our supreme court stated that "an unexplained temporary placement on jail suicide watch and an impulsive physical act in response to his conviction of first-degree murder are insufficient to bring competency on such terms into question." **_Id._** Our supreme court also observed that at no point during the post-conviction phase did the defendant "[attempt] to supplement his proofs with a proffer of expert evidence concerning his ability at trial to understand the proceedings and assist in his defense." **_Id._**

Likewise, in the instant case, an isolated incident coupled with a vague assertion of mental health issues and knowledge that appellant receives SSD benefits does not establish a **_prima facie_** case that appellant was incompetent to stand trial. Moreover, the trial court appointed defense counsel to represent appellant on November 4, 2011. (Docket #4-24 at 9.) Over a course of representation that lasted nearly **two years** before the jury was sworn on September 16, 2013, defense counsel never filed a motion requesting a competency hearing, nor did counsel ascertain that appellant had mental health issues and was receiving SSD benefits. Similarly, at no point after the trial did appellant attempt to offer any expert testimony indicating that he was incompetent to stand trial, nor did he even offer any specificities as to what mental health issues he had or why he was receiving SSD benefits.

The record also indicates that appellant demonstrated an ability to consult with counsel and an understanding of the proceedings through his decision to waive his right to testify in his own defense. (Notes of testimony, 9/18/13 at 123-126.) The trial court conducted a colloquy outside of the presence of the jury in which the court was satisfied that appellant had waived his right to testify in a knowing, voluntary, and intelligent manner. *See Brady v. United States*, 397 U.S. 742, 748 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences"). A review of the colloquy does not demonstrate that appellant lacked a sufficient understanding and awareness of the proceedings or of the consequences of his decision not to testify. Therefore, appellant was sufficiently able to consult with counsel and retained an understanding throughout the entire proceedings.

Appellant has failed to establish a *prima facie* case that he was incompetent to stand trial, requiring a competency hearing; and the trial court did not abuse its discretion by denying appellant's request for a competency hearing.

Judgment of sentence affirmed.

J. A26026/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2015