J-S38016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| IBN SAUD A. VINSON, | |
| Appellant | No. 3192 EDA 2014 |

Appeal from the PCRA Order of October 10, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004823-2010

BEFORE:  FORD ELLIOTT, P.J.E., OLSON and JENKINS, JJ.

MEMORANDUM BY OLSON, J.: **FILED JULY 12, 2016**

Appellant, Ibn Saud A. Vinson, appeals from the order entered on December 30, 2015, denying his petition under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On May 29, 2010, police arrested Appellant after he physically assaulted and shot his wife and fired shots at two law enforcement officers. PCRA Court Opinion, 12/30/15, at 2.  Thereafter, on April 14, 2011, Appellant entered a negotiated plea of guilty but mentally ill[1] to one count of aggravated assault[2] and two counts of assault upon law enforcement

_____

[1] 18 Pa.C.S.A. § 314.

[2] 18 Pa.C.S.A. § 2702(A)(1).

officers.[3]  Pursuant to the parties' plea agreement, the trial court, on the same day, imposed an aggregate sentence of 20 to 40 years in prison.  No direct appeal followed.

We detail those aspects of Appellant's plea colloquy that relate with particularity to the knowing and voluntary nature of Appellant's plea, including his mental health status, as these issues are central to the claims raised on appeal.  Rocio Nell, M.D., an expert in psychiatry, is the medical director at Montgomery County Emergency Services, a psychiatric hospital.  Dr. Nell examined Appellant on February 10, 2011, prior to the entry of Appellant's plea.  She prepared an expert report in which she opined, to within a reasonable degree of medical certainty, that Appellant was competent to stand trial and that he met the criteria to plead guilty but mentally ill.  According to Dr. Nell's expert report, Appellant knew the nature of his acts at the time he committed them and understood the wrongful nature of his actions at the time of examination.  Trial Court Opinion, 12/30/15, at 3, n.5.

At the hearing, the assistant district attorney stated the terms of Appellant's negotiated plea for the court.  The plea agreement provided that Appellant would serve an aggregate sentence of 20 to 40 years in prison for

_____

[3] 18 Pa.C.S.A. § 2702.1(A).

three assault charges, running concurrently.[4] *Id.* at 3-4. Because Appellant

agreed to enter a plea of guilty but mentally ill, the agreement ensured that

Appellant would receive mental health treatment while serving his sentence.[5]

The plea terms, as stated in court and as proposed by the assistant district

attorney to Appellant's counsel, did not specify a particular institution at

which Appellant would serve his sentence or receive treatment for mental

health issues. Appellant's counsel did not express any concern with these

specific terms and never discussed potential changes with the assistant

---

[4] An email from the assistant district attorney to Appellant's counsel provides the specific terms of the parties' plea agreement:

> I made some extra copies of Dr. Nell's report to introduce at the hearing tomorrow. **As for the plea itself, here are the specific terms**:
>
> "Guilty but mentally ill" to the following:
> (Count 3) Aggravated Assault (Sonya Dickerson) (F1): 10-20 yrs dating from May 29, 2010.
> (Count 25) Assault of Law Enforcement Officer (Off. Chad Smith) (F1): 20-40 years dating from May 29, 2010.
> (Count 26) Assault of Law Enforcement Officer (Off. Kevin O'Donnell) (F1): 20-40 yrs dating from May 29, 2010.

N.T., PCRA Hearing, 2/24/14, Exhibit C-3 (emphasis added).

[5] *See* 42 Pa.C.S.A. § 9727(b)(1) (providing dispositions for persons found guilty but mentally ill and stating, "An offender who is severely mentally disabled and in need of treatment at the time of sentencing shall, consistent with available resources, be provided such treatment as is psychiatrically or psychologically indicated for his mental illness."). Appellant has received mental health treatment throughout his placement in the state correctional system.

district attorney. *Id.* at 18. Appellant denied that anyone made additional promises to him in exchange for his plea. *Id.* at 6.

At the plea hearing, the court examined whether Appellant was capable of pleading guilty in a knowing, intelligent, and voluntary fashion. Appellant acknowledged that he was in court to plead guilty and that he read and initialed each page of the written guilty plea form with assistance from his counsel. *Id.* at 5-6. The court asked whether Appellant entered into the plea knowingly, intelligently, and voluntarily and whether he was satisfied with the advice and representation of counsel. Appellant answered in the affirmative to each inquiry. *Id.* at 6. Appellant disclosed that he had taken psychiatric medications but denied that these medications adversely affected his ability to comprehend the nature of the proceedings. *Id.* at 3-5. The court accepted Appellant's plea and imposed the negotiated sentence. *Id.* at 6.

On the suggestion of Appellant's counsel, the trial court included, as part of its sentencing order, a recommendation stating, "that [Appellant] be evaluated for possible neurological conditions that may have caused his mental deterioration." *Id.* at 7. The order also recommended Appellant's admission to Norristown State Hospital ("State Hospital") for "evaluation and treatment for 90 days," and that he then be returned to "the authority entitled to have him in custody to serve out his remaining sentence." *Id.* at

7-8. Appellant was never admitted into the State Hospital after the Department of Corrections took him into custody. *Id.* at 8.

On January 12, 2012, Appellant filed a PCRA petition alleging that he was entitled to withdraw his guilty plea because: 1) he was incompetent at the time of his plea; 2) his plea was unlawfully induced by the ineffective assistance of plea counsel; and 3) his plea was unlawfully induced by the Commonwealth's breach of the parties' plea agreement. *Id.* at 8-9.

The PCRA court appointed counsel and convened a hearing on Appellant's PCRA petition at which Appellant's plea counsel testified on behalf of the Commonwealth. Counsel testified that he consulted with Appellant on four separate occasions for a total of approximately 14-15 hours, that he and Appellant discussed the plea agreement on each occasion, that Appellant spoke intelligently and appropriately during these meetings, and that Appellant was aware of the charges and evidence against him. *Id.* at 11-14. Consistent with Appellant's testimony that he entered the plea to receive mental health treatment, *id.* at 11, counsel testified that treatment was a "material aspect of [Appellant's] agreement with the Commonwealth." *Id.* Appellant asserted throughout the hearing that it was his understanding "that he was to serve his sentence at Norristown State Hospital until he got better." *Id.*

The PCRA court denied Appellant's petition on October 10, 2014. The court held that Appellant was not entitled to relief because: 1) he was

competent when he entered his plea; 2) plea counsel was not ineffective because Appellant could not show that he was prejudiced by any error or omission; and 3) the Commonwealth did not breach any term of its plea agreement with Appellant. This appeal followed.[6]

Appellant raises the following issues on appeal:

Whether the [t]rial [c]ourt erred by denying [Appellant's] PCRA [p]etition.

Whether the [t]rial [c]ourt erred by not granting [Appellant's] PCRA [sic] based on the failure to keep a promise made to [Appellant] as part of his plea (that [Appellant] would be evaluated by Norristown State Hospital) when that promise was memorialized by the [c]ourt and was critical for the [Appellant] entering the plea as he has been suffering from mental health issues for most of his life.

Appellant's Brief at 4.

Appellant advances three contentions on appeal. First, he asserts that he was incompetent when he entered his plea. Second, he argues that plea counsel rendered ineffective assistance by failing to advise Appellant that the Department of Corrections could ignore the court's recommendation that he receive treatment at State Hospital. Third, Appellant argues that the Commonwealth breached the plea agreement because Appellant never

_____

[6] The PCRA court directed Appellant to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b) on or before December 1, 2014. Appellant filed a timely concise statement in which he raised both issues set forth in his brief.

- 6 -

received treatment in State Hospital before his transfer to a state correctional facility.

Our Supreme Court applies the following scope and standard of review to orders denying collateral relief:

> An appellate court's standard of review is limited to examining whether a [PCRA] court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding.

***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012).

> In order to be eligible for relief, [a] petitioner must establish by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated defects found in [42 Pa.C.S.A. § 9543(a)(2)], and that the allegation of error has not been previously litigated or waived.
>
> ***
>
> An allegation is deemed waived if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state postconviction hearing. [42 Pa.C.S.A. § 9544(b).]

***Commonwealth v. Brown***, 872 A.2d 1139, 1145 (Pa. 2005).

Appellant's first issue asserts that he was incompetent to enter a knowing and intelligent plea.[7]  We begin by addressing whether Appellant

_____

[7]  It is unclear which cognizable claim under the PCRA Appellant seeks to invoke in advancing this theory of relief.  Appellant presents no evidence that his plea was "unlawfully induced" under circumstances which make it likely that the inducement caused the petitioner to plead guilty while actually

*(Footnote Continued Next Page)*

- 7 -

waived this allegation of error. ***See*** 42 Pa.C.S.A. § 9543(a)(3). Appellant did not raise this issue after entering his plea, after the court imposed sentence, or by way of a direct appeal. In general, a petitioner waives a claim for purposes of the PCRA when he could have raised it, but failed to do so, before trial, at trial, on appeal or in a prior state post-conviction hearing. ***Brown***, 872 A.2d at 1144. Appellant does not address the issue of waiver, and neither has the PCRA court. However, we note that our Supreme Court has held that the issue of competency is nonwaivable for PCRA purposes. ***Id.*** at 1153 ("This Court has consistently held … that the issue of whether a defendant was competent to stand trial is an exception to the waiver rule."). As such, we may address the merits of Appellant's opening claim.

A defendant is presumed competent to stand trial. ***Commonwealth v. DuPont***, 681 A.2d 1328, 1330 (Pa. 1996). He must prove his incompetence by a preponderance of the evidence. ***Commonwealth v. Smith***, 17 A.3d 873, 899 (Pa. 2011). A competent defendant has the ability to consult with counsel "with a reasonable degree of understanding," to participate in his own defense, and to understand the nature of the proceedings against him. ***Commonwealth v. Blakeney***, 108 A.3d 739, 752 (Pa. 2014). In addition, this Court will not overturn a PCRA court's credibility determinations when there is evidence on the record to support

*(Footnote Continued)* ─────────────

innocent. ***See*** 42 Pa.C.S.A. § 9543(2)(iii). As Appellant's position is ultimately without merit, however, we proceed to the substance.

those determinations. ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. 2010).

Here, the PCRA court credited the Commonwealth's evidence of competency and found Appellant's contrary evidence to be less credible. ***See*** Trial Court Opinion, 12/30/15, at 23-25. The Commonwealth offered the medical opinion of Dr. Nell, who examined Appellant on four separate occasions two months before he entered his guilty plea. Plea counsel also stated that Appellant understood the terms of the negotiated plea, the nature of the charges against him, and the evidence that the Commonwealth had amassed for use at trial. In addition, the court questioned Appellant at the plea hearing and had ample opportunity to observe and assess his demeanor. Against this, Appellant offered two expert reports prepared by Timothy J. Michaels, M.D. to show that he was incompetent at the time he entered his guilty plea. ***Id.*** at 24-25. The evidence offered by the Commonwealth came from sources closer in time to Appellant's plea and with greater opportunity to interact with Appellant and judge his competence on that date. In light of these circumstances, we will not disturb the PCRA court's assessment, which finds support in the record. ***Anderson***, 995 A.2d at 1189.

Next, Appellant contends that he lacked the effective assistance of counsel because plea counsel failed to inform him that the Department of

Corrections would not be bound by the court's recommendation regarding 90

days' treatment at State Hospital.

> It is clear that a criminal defendant's right to effective counsel extends to the plea process[.] However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate: 1.) that the underlying claim is of arguable merit; 2.) that counsel's course of conduct was without a reasonable basis designed to effect [the] client's interest; and 3.) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012).

> In addition, this Court has said:

> Courts may permit a defendant to withdraw his or her plea of guilty after sentence has been imposed only where the defendant makes a showing of prejudice that results in a manifest injustice. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. *Commonwealth v. Persinger*, 615 A.2d 1305 [, 1307] (Pa. 1992).

> In addition, in determining whether a plea has been voluntarily entered, an examination of the totality of the circumstances is warranted. *Commonwealth v. Allen*, 732 A.2d 582, 588-589 (Pa. 1999).

*Commonwealth v. Hodges,* 789 A.2d 764, 767 (Pa. Super. 2002).

Pennsylvania presumes counsel to be effective, and the burden lies on

Appellant to prove otherwise. *Commonwealth v. Fears*, 86 A.3d 795, 804

(Pa. 2011). That Appellant now thinks his decision to plead guilty but mentally ill was uninformed or poorly considered is not material. **Anderson**, 995 A.2d at 1192. Instead, we focus on whether Appellant intelligently understood the consequences of his plea at the time he entered it. **Persinger**, 615 A.2d at 1308.

Here, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the PCRA court, we conclude that there is no merit to the second issue raised by Appellant. As a preliminary matter, we concur in several of the PCRA court's findings and determinations. **See** PCRA Court Opinion, 12/30/2015, at 31-34 (concluding, among other things, that: 1) based on the specific terms presented by the assistant district attorney and received without objection by plea counsel and subsequently read into the record in open court, treatment at State Hospital was never a term of the plea agreement; 2) what Appellant bargained for was the opportunity to receive mental health treatment while serving his sentence; 3) Appellant is now and will continue receiving appropriate treatment; and, 4) Appellant has not been deprived of the benefit of his bargain in a way which would make his plea unknowing, involuntary, or unintelligent).

In addition, we cannot ignore the fact that the record reveals that Appellant bargained for lengthy concurrent state sentences and that the court accepted Appellant's plea and sentenced him according to the terms of

his negotiated punishment. It is within the discretion of the PCRA court to make credibility determinations, and the court rejected Appellant's testimony at the PCRA hearing that he would not have entered a plea had he known that the Department of Corrections could disregard a recommended diagnostic stay at State Hospital. We agree that the 90-day stay at State Hospital was never a term of the plea agreement but instead emerged from the assistant district attorney's decision not to object to the court's recommendation as to how Appellant's treatment and sentence might begin. Moreover, Appellant is now serving a 20 to 40 year prison sentence, during which he will receive mental health treatment at any institution in which he resides. Under these circumstances, the issue of where he might spend his first 90 days cannot be so critical as to make Appellant's decision unknowing or unintelligent, even if he is ultimately disappointed. The consequences of Appellant's plea do not suggest that a manifest injustice has occurred.

Finally, Appellant argues that the Commonwealth breached its duty to honor all material promises made in exchange for Appellant's guilty plea by refusing to provide Appellant with 90 days of treatment at State Hospital.

As above, this argument necessarily fails because the Commonwealth never represented the terms of the plea agreement in the way Appellant now understands them. The Commonwealth did not obtain Appellant's plea in exchange for an initial 90-day diagnostic stay at State Hospital. Appellant

offers no evidence tending to disprove this finding. **See** Appellant's Brief at

5-6. Hence, his claim is without merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2016