J-S40019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                             :           PENNSYLVANIA

             Appellee         :
                            :

           v.                :
                            :

DWAYNE HILL                :
                            :

            Appellant       :        No. 1514 EDA 2019

Appeal from the PCRA Order Entered April 25, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0014013-2008

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                   Filed: November 19, 2020

Appellant, Dwayne Hill, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows:

> On June 11, 2008, [Appellant] dragged 16-year-old victim G.H. into an alleyway at knifepoint and raped her.  He forced her to perform oral sex on him and forced his penis into her vagina twice.  [Appellant] then took her cell phone, told her to count to 100, and left her crying in the alley.  G.H. ran to a nearby friend's house, where she asked an adult for help. They flagged down a police officer, who contacted G.H's parents.  G.H. and her mother went to St. Christopher's Hospital for Children, where medical personnel examined G.H. and performed a rape kit.  Detectives went to the alleyway where the rape occurred and they recovered a

---

[*] Retired Senior Judge assigned to the Superior Court.

Dutch Master's cigar wrapped in plastic. G.H. was interviewed at the Special Victims Unit, where she described her attacker. Samples from the rape kit were submitted to the Combined DNA Index System (CODIS), where police discovered a "hit." DNA from G.H.'s rape kit matched [Appellant]'s DNA. Police then showed G.H. a photo array and she identified [Appellant] as her rapist.

Police arrested [Appellant], who lived in the area of the attack, on August 24, 2008. Police obtained another DNA sample from him and confirmed the match between [Appellant]'s DNA and the sperm DNA found in G.H.'s vagina. After [Appellant] was placed under arrest, he waived his right to remain silent and agreed to speak with detectives. He informed the officers that he did not know how to read but that he understood his rights and then signed the waiver form. He told detectives that he did not know G.H., denied raping her, and maintained that he was a virgin. When confronted with the fact that his sperm was found in G.H.'s vagina, [Appellant] changed his story and said that he paid her $10 for sex. He looked at a photograph of the cigar found at the crime scene and admitted that was the same type he was smoking that night. He signed a photograph of the victim confirming he had sex with her, and also signed photographs of the alleyway showing where he raped her. At the conclusion of his interview, he told detectives, "I would like to apologize. I did not mean her any harm. I'd just like to say I'm sorry and I was not trying to be a criminal. Also take all of that out that I said at first. I was just messing with you." Since [Appellant] claimed he had reading issues, detectives read the statement back to him and he signed each page of the statement. Prior to trial, the Honorable Lisa Rau denied [Appellant]'s motion to suppress this statement.

On May 25, 201[2], the jury found [Appellant] guilty of Rape. The jury found him not guilty of Involuntary Deviate Sexual Intercourse (IDSI). On July 12, 2013, the Honorable William J. Mazzola sentenced him to 8 to 16 years' state incarceration. [Appellant] filed a direct appeal; the Superior Court affirmed on December 2, 2014. The Pennsylvania Supreme Court denied *allocator* on May 21, 2015.

On December 18, 2015, [Appellant] filed a timely first PCRA

petition. On April 29, 2016, Richard Blok, Esquire was appointed as counsel. On August 8, 2016, Mr. Blok filed an amended petition. The Commonwealth filed a Motion to Dismiss on November 8, 2016. On May [1]5, 2017, Mr. Blok filed a motion to withdraw as counsel as he was moving to another state. On June 8, 2017, Peter Levin, Esquire was appointed to replace Mr. Blok. On November 20, 2017, [Appellant] filed a motion to proceed *pro se*. On December 5, 2017, [Appellant] filed a *pro se* amended PCRA petition. On February 8, 2018, Mr. Levin filed an amended petition. On May 1, 2018, the Commonwealth filed a Motion to Dismiss in response to the issues raised in Mr. Levin's amended petition. On July 9, 2018, Judge Mazzola conducted a ***Grazier***[1] hearing. [Appellant] was not permitted to proceed *pro se*.

On January 3, 2019, this matter was reassigned to this [c]ourt from Judge Mazzola's inventory. On March 28, 2019, the Commonwealth filed another Motion to Dismiss. That same day, this [c]ourt sent [Appellant] a Notice of Intent to Dismiss Pursuant to Rule 907. [Appellant] responded to the 907 Notice on April 8, 2019 and raised new claims regarding PCRA counsel's alleged ineffectiveness. On April 25, 2019, this [c]ourt dismissed [Appellant]'s petition based upon lack of merit. On May [1]7, 2019, [Appellant timely] filed a Notice of Appeal.

(PCRA Court Opinion, filed November 15, 2019, at 2-4). The court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant filed none.

Appellant raises two issues for our review:

Whether the court erred in denying Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

Whether the court erred in not granting relief on the PCRA

---

[1] ***Commonwealth v. Grazier***, 552 Pa. 9, 713 A.2d 81 (1998).

- 3 -

> petition alleging counsel was ineffective for failing to request a competency hearing.

(Appellant's Brief at 8).

In his issues combined, Appellant argues the PCRA court erred in denying his petition where trial counsel was ineffective for failing to request a competency hearing. Appellant claims trial counsel was aware that Appellant: (1) is mildly mentally disabled and has a learning disability; (2) was taking psychiatric medication; (3) did not understand the law and cannot read or write; and (4) was housed in the Special Needs Unit at SCI Benner. Additionally, Appellant contends counsel did not thoroughly research or utilize Appellant's school and mental health records. Appellant further alleges the court erred in denying his petition without an evidentiary hearing where the claims raised in the petition are meritorious. Appellant concludes this Court should reverse the PCRA court's order denying his petition and grant him appropriate relief. We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions.

*Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335 (Pa.Super. 2012).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, a petitioner is required to make the following showing: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of the test for ineffectiveness of counsel will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Taylor*, 933 A.2d 1035, 1042 (Pa.Super. 2007), *appeal*

*denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (quoting **Commonwealth v. Poplawski**, 852 A.2d 323, 327 (Pa.Super. 2004)).

> Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

**Pierce, supra** at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [a defendant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [**Kimball, supra**], we held that a "criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

**Commonwealth v. Chambers**, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

A defendant is presumed to be competent to stand trial. **Commonwealth v. duPont**, 545 Pa. 564, 681 A.2d 1328 (1996). The burden is on the defendant to prove by a preponderance of the evidence that he is incompetent to stand trial. **Commonwealth v. Rainey**, 593 Pa. 67, 928 A.2d 215 (2007). To prove incompetence to stand trial, the defendant must show he suffered from a mental illness or defect such that he did not have "the ability to consult with counsel with a reasonable degree of understanding," and did not "understand the nature or object of the proceedings against him."

*Commonwealth v. Blakeney*, 631 Pa. 1, 23, 108 A.3d 739, 752 (2014), *cert. denied*, 576 U.S. 1009, 135 S.Ct. 2817, 192 L.Ed.2d 857 (2015) (citing *Commonwealth v. Flor*, 606 Pa.384, 404, 998 A.2d 606, 617 (2010), *cert. denied*, 563 U.S. 941, 131 S.Ct. 2102, 179 L.Ed.2d 900 (2011)). *See also* 50 P.S. § 7402 (defining incompetency where defendant is "found to be substantially unable to understand the nature or object of the proceedings against him or to participate and assist in his defense…").

Instantly, Appellant argues trial counsel should have requested a competency hearing where counsel was aware Appellant had a history of mental/learning disabilities. Appellant, however, fails to highlight anywhere in the record where he appeared unable to understand the proceedings or meaningfully consult with his attorney. *See Blakeney, supra*; *Rainey, supra*. In fact, when counsel conducted a colloquy of Appellant to determine whether he was voluntarily waiving his right to testify, Appellant affirmed that he understood his previous conversations with counsel:

> [Defense Counsel]: [Appellant], we've discussed the question of whether or not you were going to testify in this case previously and again this morning, this afternoon in the cell room, in the consultation room, do you remember that?
>
> [Appellant]: Yes, sir.
>
> [Defense Counsel]: Okay. It's your absolute right to testify if you choose to but nobody can force you to testify if you don't want to. Do you understand that?
>
> [Appellant]: Yes, sir.
>
> [Defense Counsel]: Do you understand – and after

consulting with me, have you made a decision not to testify in the case?

[Appellant]: Yes, sir.

[Defense Counsel]: Okay. Have I forced you, threatened you or forced you or promised you anything to make you give up your right to testify?

[Appellant]: No, sir.

[Defense Counsel]: **And have you understood me when I discussed this case with you over the last couple years about whether you were going to testify or whether we were going to present evidence?**

[Appellant]: **Yes, sir.**

[Defense Counsel]: Okay. Did you understand me this morning when we discussed – this afternoon discussing you testifying?

[Appellant]: Yes, sir.

[Defense Counsel]: Okay. Judge, I think that's sufficient.

The Court: So do I. …

(N.T. Trial, 5/24/12 at 86-87) (emphasis added).

Moreover, the record indicates that Appellant underwent three mental health evaluations between 2008 and 2012, including a 2010 pre-trial evaluation ordered by Judge Rau. Thus, the court had already determined Appellant was capable of taking part in legal proceedings, and counsel cannot now be deemed ineffective for failing to request a competency hearing prior to trial. ***See Taylor, supra***. As Appellant's claim lacks arguable merit, the PCRA court did not err in denying Appellant's petition without an evidentiary

hearing.[2]  **See Wah, supra**.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/20

---

[2] In his response to the court's Rule 907 Notice, Appellant claimed PCRA counsel was ineffective for failing to "raise and develop the issue adequately that trial counsel was ineffective for failing to request a hearing to determine [Appellant]'s…competency to stand trial…."  (Rule 907 Notice Response, filed April 12, 2019, at 1).  The PCRA court addressed this issue in its opinion, stating, "Since trial counsel was not ineffective, subsequent counsel cannot be deemed ineffective for failing to raise or succeed on the underlying meritless issue."  (PCRA Court Opinion at 10).  We agree with the PCRA court's analysis.