2025 PA Super 34

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| VANESSA REGINA BAINEY | : | No. 529 WDA 2024 |

Appeal from the Order Entered April 3, 2024
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000026-2022

BEFORE: KUNSELMAN, J., MURRAY, J., and BECK, J.

CONCURRING OPINION BY KUNSELMAN, J.: **FILED: February 14, 2025**

I agree that the trial court erred by dismissing the charges against Vanessa Bainey under the Mental Health Procedures Act (MHPA) for the reasons it provided.[1] I write separately to explain why this is not a typical competency case and to remind the trial court and the parties that the issue of Bainey's competence may be revisited as the litigation proceeds.

After Bainey was charged with crimes involving her young son, she petitioned the trial court for an evaluation of her competency. The court ordered an evaluation. Dr. Louis Martone evaluated Bainey and prepared a ten-page report. Dr. Martone concluded that despite her low IQ, Bainey could understand the nature and consequences of the proceedings against her. Report, 5/13/23, at 9. Notably, he also concluded that Bainey "is able to

---

[1] 1976, July 9, P.L. 817, No. 143, 50 P.S. §§ 7101–7503 as amended.

'participate and assist' in her criminal defense, however she requires accommodations in order to do so." *Id.* at 9–10 (recommending nine accommodations). In light of this report, Bainey moved to dismiss the charges against her.

Thereafter, the trial court held a "hearing on 'trial parameters'" based on Dr. Martone's recommended accommodations. N.T., Hearing on "Trial Parameters," 8/11/23, at 1. The parties and the court questioned Dr. Martone about two of the nine accommodations he recommended in his report: that there be no "unnecessary personnel" in the courtroom and that trial days be reduced to half-day segments or that breaks be given. Ultimately, the court granted Bainey's motion to dismiss because it believed these two accommodations would not be feasible. The Commonwealth appealed.

Under the MHPA, a criminal defendant is incompetent if she "is found to be substantially unable to understand the nature or object of the proceedings against [her] or to participate and assist in [her] defense." 50 P.S. § 7402(a); *see Commonwealth v. Santiago*, 855 A.2d 682, 694 (Pa. 2004). The MHPA provides for the trial court to order "an incompetency examination" in certain circumstances. 50 P.S. § 7402(d). "Upon completion of the examination, a determination of incompetency shall be made by the court where incompetency is established by a preponderance of the evidence." *Id.* The court generally makes this determination "at a subsequent competency hearing." *Commonwealth v. duPont*, 681 A.2d 1328, 1330 (Pa. 1996); *see* 50 P.S. § 7403(a).

- 2 -

Here, Bainey bore the burden to establish her incompetency, *i.e.*, that she was substantially unable either to understand the nature or object of the proceedings against her or to participate and assist in her defense. However, the only evidence at the "hearing on 'trial parameters'" was the report and testimony of Dr. Martone about his recommended accommodations. According to Dr. Martone, Bainey **could** understand the nature of the proceedings. Report, 5/13/23, at 9. Furthermore, Bainey **could** participate and assist in her defense, albeit with accommodations. *Id.* at 9–10; N.T., Hearing on "Trial Parameters," 8/11/23, at 16 ("[A] majority of the accommodations recommended would be needed for her to be able to participate and assist in her defense.").

Dr. Martone's conclusion that Bainey was conditionally competent sets this apart from a typical case of incompetency. The hearing on "trial parameters" was not about Bainey's competency, but rather the conditions under which Dr. Martone believed Bainey could proceed to trial. It appears, based on the report and the nature of the hearing itself, that the parties and the court **presumed** Bainey's competency, so long as accommodations could be made. Indeed, the majority notes that the trial court gave no indication that its decision was based on its personal observation of Bainey because she failed to attend the hearing. Majority Opinion at 8, n.2.[2]

_____

[2] Bainey's counsel stated that he could not waive his client's presence, however, he did not object to the court proceeding with the hearing in her
*(Footnote Continued Next Page)*

- 3 -

Thus, the court never actually determined whether Bainey proved her incompetency under the MHPA. The court granted the request to dismiss the charges, based not on Bainey's ability to interact with her counsel and/or assist in her own defense, but on its own concerns for the practical aspects of courtroom attendance and trial scheduling. Because this is a separate question from Bainey's incompetency, I agree that the trial court erred in dismissing the charges on those grounds.

Finally, I note that the parties and the trial court can revisit the question of Bainey's competency at every stage of the proceedings. If it appears that Bainey cannot participate or assist in her defense given the realities of trial, our opinion should not prevent an appropriate action under the MHPA.

---

absence. N.T., Hearing on "Trial Parameters," 8/11/23, at 5-6. He also did not object to the nature of the hearing, that addressed only the accommodations, and not the underlying question of Bainey's competency. *Id*. at 6.